# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1803-18T1
                A-1804-18T1

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

      Plaintiff-Respondent,

v.

P.C. and R.O.,

      Defendants-Appellants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF S.O.,

      a Minor.

_____

Submitted May 20, 2020 – Decided June 8, 2020

Before Judges Koblitz, Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FG-02-0056-17.

Joseph E. Krakora, Public Defender, attorney for appellant P.C. (Robyn A. Veasey, Deputy Public Defender, of counsel; Jennifer L. Gottschalk, Designated Counsel, on the brief).

Joseph E. Krakora, Public Defender, attorney for appellant R.O. (Robyn A. Veasey, Deputy Public Defender, of counsel; Bruce Pozu Lee, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Sue Arons, Assistant Attorney General, of counsel; Susan J. Saraiva, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Danielle Ruiz, Designated Counsel, on the brief).

PER CURIAM

Defendant parents P.C.[1] and R.O. appeal from a December 11, 2018, Family Part order terminating their parental rights to their daughter, S.O., who was born drug-addicted in November 2011. The Law Guardian urges affirmance. The parents' appeals were consolidated and we now affirm substantially for the reasons stated by Judge William R. DeLorenzo, Jr. in his thorough one-hundred-and-five-page written opinion issued with the order.

---

[1] We use initials to preserve the privacy of the parties. R. 1:38-3(d)(12).

The evidence is outlined in detail in the judge's opinion. A summary will suffice here. P.C. lost her two older children due to her substance abuse. S.O. was removed from her mother twice, the first time straight from the hospital at birth. Her father at that time was in jail, and a few days later in a substance abuse program. Eight months later, the baby was reunified with her mother at an inpatient drug program. After extensive cooperation with drug rehabilitation programs, inpatient and outpatient, P.C. relapsed and once again S.O. was removed in May 2016. On April 18, 2017, the Division moved S.O. to the home of her current resource parents, who want to adopt her.

Psychologist Dr. Frank Dyer, an experienced evaluator, conducted psychological evaluations of the parents and a bonding evaluation of the parents and the resource parents with S.O. Dr. Dyer opined that neither parent had the capacity to parent S.O. safely. Although S.O. was more bonded to her mother than her father, he opined that S.O. would not suffer "serious or long-lasting emotional harm" if she were adopted by the resource parents and had no further contact with P.C. He testified that the biological parents would not be able to mitigate the harm if S.O. were removed from her resource parents, with whom she has a strong and secure bond. The expert presented by the Law Guardian performed an independent evaluation and agreed with Dr. Dyer.

A-1803-18T1

The mother's expert testified that S.O. should be returned to her "as long as [she] presents as an adequate permanent placement plan for her." Judge DeLorenzo was unpersuaded by the lone expert conditionally recommending reunification. R.O. did not present a plan to parent his daughter, but rather in his testimony asked the court to reunify his daughter with her mother, who at the time of trial was living in Florida. P.C. attended trial but did not testify.

In his comprehensive opinion, Judge DeLorenzo found that the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), and that termination of defendants' parental rights was in the child's best interests. On this appeal, our review of the trial judge's decision is limited. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 278 (2007). We defer to his expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 412 (1998), and we are bound by his factual findings so long as they are "supported by 'adequate, substantial and credible evidence' on the record." M.M., 189 N.J. at 279 (quoting In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, his legal conclusions are unassailable. While both parents struggled against substance abuse for many years, with the assistance of the resources of the Division, they

4

were not able to achieve sustained sobriety. Their daughter was entitled to a safe, stable permanent home that neither parent could provide.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1803-18T1